**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DOROTHY HALL and**
**WILLIAM HALL,**

     **Plaintiffs,**

**v.**                                                                         **Case No.  8:09-cv-2032-T-30MAP**

**SUNJOY INDUSTRIES GROUP, INC.**
**and KMART CORPORATION,**

     **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Sunjoy Industries Group, Inc.'s Motion for Summary Judgment (Dkt. 34), Defendants' Dispositive Joint Motion for Summary Judgment (Dkt. 37), Plaintiffs' Motion to Establish Rebuttal [sic] Presumption of Negligence (Dkt. 38), and Plaintiffs' Motion to Dismiss All Claims against Defendant Sunjoy Industries, Group, Inc. without Prejudice (Dkt. 40).  The Court, having considered the motions, responses, and record evidence, concludes that Defendants are entitled to summary judgment, as a matter of law, and Plaintiffs' motions, requesting a rebuttable presumption of negligence and dismissal, without prejudice, of Defendant Sunjoy Industries Group, Inc., must be denied.

## BACKGROUND

On August 31, 2007, Plaintiff Dorothy Hall, was injured in Defendant Kmart Corporation's ("Kmart") store when she sat on a metal patio chair allegedly manufactured

or distributed by Defendant Sunjoy Industries Group, Inc. ("Sunjoy"), and the chair collapsed. Plaintiff weighed approximately 350-360 pounds at the time of the incident. According to Plaintiff, the chair collapsed and she landed flat on her back. Plaintiff claims that the fall caused various injuries, including a painful back condition.

Plaintiff filed a four-count complaint against Defendants as follows: Count I - strict liability against both Defendants for a manufacturing defect; Count II - negligence against both Defendants for failing to test and inspect the chair; Count III - *res ipsa loquitur* against Kmart for displaying the chair; and Count IV - negligent failure to warn against both Defendants for not affixing a warning label to the chair. Her husband asserted a loss of consortium claim.

Sunjoy filed a motion for summary judgment, arguing that it did not manufacture or distribute the chair. Sunjoy and Kmart filed a joint motion for summary judgment, arguing that they are entitled to summary judgment based on the merits of Plaintiffs' claims, i.e., that Plaintiffs cannot demonstrate a strict liability or failure to warn claim as a matter of law. Defendants also filed a joint motion to dismiss Plaintiffs' claims with prejudice based on Plaintiffs' dishonesty during their depositions.[1]

After Sunjoy filed its motion for summary judgment, Plaintiffs filed a motion to dismiss all claims against Sunjoy without prejudice. Plaintiffs claim the dismissal motion was in response to Sunjoy's Rule 11 Motion, which it served on Plaintiffs in compliance with

---

[1] The motion claims that Plaintiff did not testify truthfully during her deposition regarding prior injuries, prior falls, and prior drug use and her husband adopted her untruthful testimony during his deposition.

the 21-day waiting period, and which was premised on the fact that it was neither a manufacturer nor distributor of the chair.

Plaintiffs also filed a motion to establish a rebuttable presumption of negligence based on the fact that the chair was not preserved.

## DISCUSSION

### I.      Summary Judgment Standard of Review

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original).  The substantive law applicable to the claimed causes of action will identify which facts are material.  *Id.*  Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor.  *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that

there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*,  477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## II.    Sunjoy's Motion for Summary Judgment

Plaintiffs' claims against Sunjoy (Counts I, II, and IV) fail as a matter of law because the record is undisputed that it did not design, manufacture, or distribute the chair. This point is well-established under Florida law. *Mahl v. Dade Pipe & Plumbing Supply Co., Inc.,* 740 So. 2d 740, 741 (Fla. 3d DCA 1989) (defendant could not be held liable where plaintiff could not prove that defendant's products caused his injuries); *Vecta Contract, Inc. v. Lynch,* 444 So. 2d 1093, 1095 (Fla. 4th DCA 1984) (reversing jury verdict where plaintiff "did not offer sufficient evidence that defendant manufactured the defective chair" that caused plaintiff's injuries); *Matthews v. GSP Corp.,* 368 So. 2d 391, 392 (Fla. 1st DCA 1979) (defendant could

not be held liable where "[a]ppellant failed to present evidence showing the identity of the manufacturer of the cable which broke").

Plaintiffs concede the fact that Sunjoy did not design, manufacture, or distribute the chair, but appear to attempt to avoid Sunjoy's summary judgment motion by filing a motion to dismiss Sunjoy without prejudice. But Plaintiffs enjoy no absolute right to dismiss an action without prejudice. And the decision to grant or deny such a motion is within the Court's broad discretion. *McBride v. JLG Indus., Inc.,* 189 Fed. Appx. 876, 878 (11th Cir. 2006); *Mosley v. JLG Indus., Inc.,* 189 Fed. Appx. 874, 876 (11th Cir. 2006). Where the parties have expended considerable resources to fully develop a case, a court may infer that a plaintiff seeks a voluntary dismissal solely to avoid a pending motion for summary judgment. Under these circumstances, a court generally denies a motion for voluntary dismissal. *McBride,* 189 Fed. Appx. at 878; *Mosley,* 189 Fed. Appx. at 876.

Here, it would be inappropriate to grant Plaintiffs' motion for voluntary dismissal given the time that passed since this case was filed, Sunjoy's extensive participation in discovery, which included hiring experts, and, in consideration of the fact that Plaintiffs filed the motion for dismissal <u>after</u> Sunjoy moved for summary judgment and <u>after</u> Sunjoy served (but not filed) a Rule 11 motion.

Accordingly, Sunjoy's motion for summary judgment is granted and Plaintiffs' motion for voluntary dismissal of Sunjoy without prejudice is denied.

### III.    Defendants' Joint Motion for Summary Judgment

Defendants jointly move for summary judgment on the entirety of Plaintiffs' complaint.[2]   As stated below, the Court concludes that Defendant Kmart is entitled to summary judgment on all of Plaintiffs' claims.  And, assuming, *arguendo*, that Defendant Sunjoy did manufacture or distribute the chair, it is also entitled to summary judgment for the same reasons.

### Count I

Count I is a strict liability claim for a manufacturing defect.  To prevail on such a claim, Plaintiffs must establish a defect in the subject product, i.e., the chair.  *See West v. Caterpillar Tractor Co.*, 336 So. 2d 80, 87 (Fla. 1976).  And expert testimony is necessary to establish the existence of a latent defect.  *See Humphreys v. Gen. Motors Corp.*, 839 F. Supp. 822 (N.D. Fla. 1993).

The record is undisputed that the chair exhibited no obvious problems or defects. Accordingly, expert testimony is necessary.  However, Plaintiffs did not present any expert testimony on this issue.  And the record reflects that Plaintiffs are not entitled to a *Cassisi* inference of a defect.  According to *Cassisi,* if a product malfunctions during normal operation, a legal inference arises that the product was defective in manufacture under strict liability both at the time of the injury and at the time it was within the supplier's control.

---

[2] Notably, Plaintiffs' response to Defendants' joint motion for summary judgment discusses only one theory of liability: failure to warn, which is Count IV of the complaint.  Although it appears Plaintiffs are conceding Defendants are entitled to summary judgment on Counts I-III, the Court will include a brief analysis of why summary judgment is appropriate as to these counts.

*Cassisi v. Maytag Co.,* 396 So. 2d 1140, 1148 (Fla. 1st DCA 1981).  There are two essential

predicate facts for the inference to apply: (1) a malfunction (2) during normal operation.  *Id.*

at 1151.

Here, the record indicates that Plaintiffs cannot prove the chair malfunctioned.  As

explained above, Plaintiffs have presented no evidence of any defect in the chair.  While the

chair may have broken after Plaintiff sat on it, this does not automatically mean the chair

"malfunctioned."  To establish that the chair malfunctioned, Plaintiffs must present evidence,

through expert testimony, that it did not perform properly under the circumstances.  *See Edie*

*v. Century Prods. Co.*, 364 F.3d 1276, 1285-86 (11th Cir. 2004) (applying "*Cassisi* inference

of defect because there was (1) expert testimony that, based on the design of the unit, it

should not have [performed as it did].");  *Humphreys*, 839 F. Supp. at 828-29 (noting that

"[w]hile the seat back may have broken during the impact, this does not automatically mean

the seat 'malfunctioned.'").  Plaintiffs have not submitted any evidence supporting the

conclusion that the chair was defective or malfunctioned.

Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiffs'

strict liability claim (Count I).

### Count II

Count II is a negligence claim alleging Defendants owed a duty to test and inspect the

chair and Defendants breached that duty.  No separate duty or claim exists under Florida law

for testing or inspecting a product.  *Adams v. G.D. Searle & Co., Inc.*, 576 So. 2d 728, 730-

31 (Fla. 2d DCA 1991).  Rather, the duty to test is a subpart of a manufacturer's duty to

design a product with reasonable care, and thus is subsumed in claims for defective design and failure to warn.  *Id.*

Here, Plaintiffs make no allegation of a design defect, so the only applicable claim is for failure to warn, which fails for the reasons stated below (see discussion of Count IV, *infra*).  Additionally, the claim fails because Plaintiffs present no evidence on causation regarding how any general failure to test or inspect could prove a manufacturing defect in the specific chair used by Ms. Hale.  *See Kohler Co. v. Marcotte*, 907 So. 2d 596, 599 (Fla. 3d DCA 2005) (manufacturing defect requires that the product at issue "departs from its intended design"); *Drury v. Cardiac Pacemakers, Inc.*, 2003 WL 23319650, at *3 (M.D. Fla. June 3, 2003) (granting summary judgment in favor of defendants where plaintiffs failed to present expert testimony on causation of an allegedly defective pacemaker).  Indeed, the record contains no information regarding Defendants' manufacturing, testing, and inspection processes for that chair.

Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiffs' negligence claim (Count II).

**Count III**

Count III is a claim of *res ipsa loquitur* against Kmart for displaying the chair.  Under the doctrine of *res ipsa loquitur*, a plaintiff is entitled to a rebuttable inference of negligence upon proving (1) the product at issue was within the exclusive control of the defendant at the time of the accident; (2) the resulting injury was not the result of any voluntary action or contribution on the part of the plaintiff; and (3) the accident would not have occurred had the

defendant used reasonable care. *Otis Elevator Co. v. Chambliss*, 511 So. 2d 412, 413-14 (Fla. 1st DCA 1987).

Here, Kmart is entitled to summary judgment on this claim because Plaintiffs cannot prove the chair was within Kmart's exclusive control. Plaintiff testified during her deposition that the chair was displayed in Kmart's garden department, where it was available for the public to examine. Because Kmart displayed the chair within reach of its shoppers, the chair was not within Kmart's exclusive control. *See Wal-Mart Stores, Inc. v. Rogers*, 714 So. 2d 577, 578 (Fla. 1st DCA 1998) (radios were not under Wal-Mart's exclusive control for *res ipsa* purposes because "they were displayed in the store, accessible to customers."); *Monforti v. Kmart, Inc.*, 690 So. 2d 631, 633 (Fla. 5th DCA 1997) (boxes of file folders were not under Kmart's exclusive control for *res ipsa* purposes because "[t]here was evidence presented that the highest box on the shelf was well within the reach of K-Mart's customers.").

Also, the record contains no evidence suggesting that Ms. Hall was blameless in causing the accident. The record reflects that Ms. Hall weighed in the range of 360 pounds when she sat on the chair. Plaintiffs have not presented any evidence that the reason for the chair's collapse was some act of the Defendants as opposed to Ms. Hall's excessive weight. *See Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1369 (S.D. Fla. 2008) (finding no inference of negligence as a matter of law because the plaintiff had "shown nothing more than that [she] had been injured on the escalator," and "based on this fact alone it would not be likely that someone other than the [plaintiff] had been negligent.") (citations omitted).

Accordingly, Kmart is entitled to judgment as a matter of law on Plaintiffs' *res ipsa loquitur* claim (Count III).

**Count IV**

Count IV is a negligent failure to warn claim. This is the only claim Plaintiffs discuss in their response to Defendants' motions for summary judgment. A claim that a warning was necessary and that the failure to warn rendered a product unreasonably dangerous and defective requires a warnings expert. *See Beauregard*, 695 F. Supp. 2d 1344, 1356-57 (M.D. Fla. 2010); *Humphreys*, 839 F. Supp. at 826-27. Plaintiffs' failure to present any expert testimony regarding a defect in the manufacture of the chair (as discussed *supra*), or that the chair contained dangerous propensities that were known or knowable to Defendants, requires summary judgment on this claim.

Finally, Plaintiffs' effort to generate an issue of material fact through their own affidavit is insufficient. Ms. Hall's affidavit states that she went back to Kmart after her accident and took photographs of the palm bistro patio set from the box located in the lawn and garden section of the store. The affidavit states that she discovered there was a warning on the box that people over 250 pounds should not sit on the palm bistro chairs. As

Defendants point out in their reply, Ms. Hall's affidavit is contrary to her prior sworn testimony and all of the record evidence.[3]

Specifically, at her deposition, Ms. Hall explained that, although she returned to the Dale Mabry store about one week after the accident, she saw no sign of the palm bistro set. She went on to testify that the only place she saw a palm bistro box was at a different Kmart store on Florida Avenue. But made no mention of taking photographs. Notably, the only photographs Plaintiffs produced in this case that show any writing on the boxes are blurry and the words that are readable do not relay any weight limitation. And Defendants produced pictures of the <u>actual box</u> for the chair that clearly demonstrate that there was no weight limitation.

The Court can disregard an unsupported affidavit that contradicts the evidence. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) ("[Plaintiff's] conclusory assertions to the contrary, in the absence of supporting evidence, are insufficient to withstand summary judgment."). Likewise, "[c]onclusory factual allegations, even when under oath, are not sufficient to oppose a motion for summary judgment . . . ." *Villas of Lake Jackson,*

---

[3] Notably, this is consistent with Plaintiffs' behavior (as discussed in detail in Defendants' motion to dismiss for fraud on the Court) of providing untruthful testimony. For example, despite Ms. Hall's testimony during her deposition that her ailments arose after the accident in Kmart, Ms. Hall's medical history reflected that as early as 2001, Ms. Hall had swollen joints, joint pain, swollen ankles, headache, and low back pain. She also had a medical history of mild arthritis in her lower back and hip and pain in her upper right thigh. Another example of Ms. Hall's untruthful testimony related to her statement during her deposition that she had never slipped and fallen prior to the accident at Kmart. After Ms. Hall's deposition, Defendants discovered through the State of Florida Division of Workers Compensation that while Ms. Hall was employed at PSCU Financial Services (prior to the accident in this case) she fell off her chair and hit the floor, which resulted in bone and joint pain.

*Ltd. v. Leon County*, 884 F. Supp. 1544, 1548 n.2 (N.D. Fla. 1995); *see also Smith v. HCA Inc.*, No. 303CV754J99TEM, 2005 WL 1866395, at *3 (M.D. Fla. July 26, 2005) ("Conclusory, self serving, or uncorroborated allegations in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment or directed verdict."). Indeed, "[s]uch unsubstantiated, conclusory allegations are insufficient to survive summary judgment" when contradicted by the record. *Kloha v. Duda*, 246 F. Supp. 2d 1237, 1242 (M.D. Fla. 2003).

Ms. Hall's affidavit that a warning was present on the box is the only statement anywhere in the record about such a label and is contradicted by the box itself and her prior deposition testimony and discovery responses.

Accordingly, Defendants are entitled to summary judgment as a matter of law on Plaintiffs' negligent failure to warn claim (Count IV).

## IV.    Plaintiffs' Motion for a Rebuttable Presumption of Negligence

Plaintiffs' motion requests the Court grant Plaintiffs a rebuttable presumption of negligence based on the fact that the chair was not preserved. Contrary to Plaintiffs' motion, which exclusively relies on Florida law, federal law governs the imposition of sanctions for spoliation of evidence. *See Victor v. Makita U.S.A., Inc.*, 2007 WL 3334260, at *2 (M.D. Fla. Nov. 9, 2007) (*citing Martinez v. Brink's, Inc.*, 171 Fed. Appx. 263, 269 (11th Cir. 2006)). Under the federal standard, the Court must find bad faith to make an adverse inference. *Victor*, 2007 WL 3334260, at *2; *see also Wilson v. Wal-Mart Stores, Inc.*, 2008 WL 4642596, at *2 (M.D. Fla. Oct. 17, 2008).

Plaintiffs' motion does not attribute any bad faith to Kmart. Plaintiffs rely only on the fact that the chair was not preserved after Plaintiffs' former counsel placed Kmart's counsel on notice of the accident and requested that the chair be preserved. The letter was sent on October, 2007, approximately two months after the incident. Kmart preserved the chair for at least seven months. It was thrown away some time after May, 2008.

Kmart's failure to preserve the chair, while perhaps negligent, is insufficient to establish bad faith without additional evidence that the failure to preserve was intentionally done to destroy evidence that would be unfavorable to Kmart. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009) (noting that "mere negligence in losing or destroying records is not sufficient to draw an adverse inference").[4]

Accordingly, Plaintiffs' motion for a rebuttable presumption of negligence must be denied.

It is therefore ORDERED AND ADJUDGED that:

1.    Defendant Sunjoy Industries Group, Inc.'s Motion for Summary Judgment (Dkt. 34), and Defendants' Dispositive Joint Motion for Summary Judgment (Dkt. 37) are hereby GRANTED.

2.    Plaintiffs' Motion to Establish Rebuttal [sic] Presumption of Negligence (Dkt. 38) and Plaintiffs' Motion to Dismiss All Claims against Defendant Sunjoy Industries, Group, Inc. without Prejudice (Dkt. 40) are hereby DENIED.

---

[4] In fact, the only evidence in the record regarding Kmart's motives was that the chair was thrown out at some point in time after May of 2008 because the case was old and it was believed that the chair was not needed anymore.

3.      Defendants' Motion to Dismiss based on Plaintiffs' Fraud on the Court (Dkt. 35) is hereby DENIED AS MOOT.

4.      Plaintiffs' Motion to Compel Discovery (Dkt. 49) is hereby DENIED AS MOOT.

5.      The CLERK is directed to enter final summary judgment in favor of Defendants and against Plaintiffs.

6.      The CLERK is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on February 18, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-2032.pisumjudgDkts34and37.frm