**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DOROTHY HALL and**
**WILLIAM HALL,**

    **Plaintiffs,**

**v.**                                                   **Case No.  8:09-cv-2032-T-30MAP**

**SUNJOY INDUSTRIES GROUP, INC.,**
**and KMART CORPORATION,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Sunjoy's Motion for

Attorneys' Fees and Costs Judgment against Plaintiffs (Dkt. 53) and Plaintiffs' Response in

opposition (Dkt. 55).   The Court, having considered the motion, response, and being

otherwise advised in the premises, concludes that the motion should be granted and judgment

should be entered in favor of Defendant Sunjoy Industries Group, Inc. ("Sunjoy") and against

Plaintiffs, jointly and severally, in the amount of $39,297.75.

On February 18, 2011, the Court granted final summary judgment in favor of

Defendant Sunjoy and against Plaintiffs as a matter of law (Dkt. 51).  On February 22, 2011,

the Clerk of Court entered the final judgment (Dkt. 52).  On March 3, 2011, Sunjoy filed a

motion for attorneys' fees and costs.  Sunjoy's entitlement to fees is based on proposals of

settlement that it served on each Plaintiff.  Neither Plaintiff responded to the proposals,

thereby rejecting them.

Plaintiffs appear to concede the validity of the proposals of settlement, but argue, with

no authority, that it would be inappropriate for the Court to grant fees to Sunjoy, because

Plaintiffs attempted to file a notice of dismissal of Sunjoy after Sunjoy served Plaintiffs (but

did not file) a Rule 11 motion.[1]  Essentially, Plaintiffs argue that the Rule 11 motion rendered

Sunjoy's proposals of settlement void.  This argument is completely devoid of merit.  Sunjoy

never filed its Rule 11 motion and this Court did not grant Plaintiffs' motion for voluntary

dismissal.  As the Court explained in its ruling (Dkt. 51), Sunjoy was extensively involved

in this case and Plaintiffs filed their motion for dismissal after Sunjoy filed its motion for

summary judgment and served Plaintiffs with a Rule 11 motion.

Simply put, Plaintiffs' claims against Sunjoy were decided on the merits and in

Sunjoy's favor.  Plaintiffs last-minute attempt to dismiss Sunjoy does not void the proposals

of settlement.  And a Rule 11 motion, even if it had been filed, would not void the proposals

of settlement.

Finally, upon review of Sunjoy's time records and affidavits in support of same, the

Court concludes that the amount of fees and costs is reasonable.

It is therefore ORDERED AND ADJUDGED that:

---

[1] The background facts are more specifically described in the Court's Order on Defendants' summary judgment motions (Dkt. 51).

1.      Defendant Sunjoy's Motion for Attorneys' Fees and Costs Judgment against Plaintiffs (Dkt. 53) is hereby GRANTED.

2.      The CLERK is directed to enter judgment in favor of Defendant Sunjoy Industries Group, Inc. and against Plaintiffs Dorothy Hall and William Hall, jointly and severally, in the amount of $39,297.75.

**DONE** and **ORDERED** in Tampa, Florida on March 23, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**<u>Copies furnished to:</u>**
Counsel/Parties of Record

S:\Even\2009\09-cv-2032.mtfees53.frm